**In re James Claude WALKER, Jr., Debtor.**

**James Claude WALKER, Jr., Plaintiff,**

**v.**

**A. Eugene THOMAS, et al., Defendants.**

**Bankruptcy No. 7–82–01182.**
**Adv. No. 7–87–0002.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 20, 1987.

---

John H. Kennett, Jr., Roanoke, Va., for debtor/plaintiff.

Richard B. Zorn, Senior Asst. Atty. Gen., Richmond, Va., for Virginia State Board of Contractors.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

The Virginia State Board of Contractors and its members are again before this Court having previously, upon its own admission, been found in violation of 11 U.S.C. § 525 and was enjoined from further violation of this section which prohibits discrimination by governmental agencies against debtors in this Court.

The present complaint seeks an order adjudicating that said State Board of Contractors violated this Court's injunction by failing to reissue a Class B contractor's license to this Debtor after the Debtor's prior license had expired.

The Court heard evidence and has reviewed and maturely considered memoranda presented by counsel upon the issue.

The Debtor was incarcerated for violation of state laws relating to work performed while acting as a contractor. As a result of this inactivity, the Debtor's prior license upon which the injunction was entered by this Court expired. The Debtor applied for a new Class B license which was denied.

The testimony further reflects that the reason the Board declined to reissue the Class B license was due solely to the failure of the Debtor to satisfy a debt in the sum of $7,683.74 which was by consent of the parties, including the Debtor, adjudged non-dischargeable by this Court upon an adversary proceeding filed by the aggrieved parties, victims of the Debtor's contract default.[1]

The evidence shows pursuant to statutes and regulations provided, the State Board of Contractors reimbursed and apparently took an assignment of or was subrogated to the position of the aggrieved parties.

---

1. Debtor's counsel argued forcefully at trial that the Board is biased toward the Debtor. This Court's sole function is to determine violations of 11 U.S.C. § 525; however, in passing, from the history of this case, the Court is constrained to note a lack of objectivity by this Board in dealing with this Debtor. Independent self-regulatory agencies have a duty to so do.

The Board of Contractors, therefore, holds a non-discharged debt as to said sum which remains unpaid.

11 U.S.C. § 525 provides that no governmental unit may deny, revoke, suspend or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, etc., because a Debtor "... has not paid a *debt that is dischargeable* in the case under this title...." (emphasis added)

■ It is clear that § 525 prohibits denial of the Debtor's rights for non-payment of a discharged debt. A non-discharged debt as here is not covered in this prohibition.

■ Accordingly, the Court finds and concludes from the evidence presented that the refusal to reissue the license was for non-payment of a non-dischargeable debt and, therefore, § 525 has not been violated in this instance.

■ Since the sole issue before this Court is whether or not violation of 11 U.S.C. § 525 resulted from the Board's actions and this Court finding that § 525 has not been violated, the further question as to this Debtor's administrative and judicial rights to properly review the Board's conduct must be dealt with. Since this Court was required to heretofore enter an injunction upon the Board's own admissions of its violation of § 525, it was entirely appropriate for the Debtor to proceed with the within complaint to have determined by this Court the merits of the Board's declination to reissue the contractor's license. It is further appropriate for this Court to determine that in view of the prior injunction which remains outstanding and shall hereafter continue in this Debtor's case to fix a timetable for this Debtor to exercise his administrative and judicial remedies available under the laws and regulations of the Commonwealth of Virginia.

Therefore, the administrative remedies available to this Debtor, to seek review of the propriety of the Board's action and have determined the merits concerning the reissuance of this Debtor's license shall remain in full force. The time within which appeal seeking administrative review of the Board's refusal to reissue the license shall commence to run on the date of the entry of this Order and the Debtor shall have accorded to him full and complete right to exercise any remedies available, administrative or judicial, concerning the Board's refusal to reissue the said Class B license. This shall include, but is not limited to, the right of the State Board to deny the Class B license for the reason given as contended by the Debtor. All of which is so

ORDERED.