999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia Helen BUSH, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Resolution Trust
Corporation, John H. Bernstein, United States of
America, Defendants-Appellees.
 No. 93-1075.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Patricia Helen Bush (Bush), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's dismissal of her adversary proceeding for failure to state a claim upon which relief could be granted.
 
 
 3
 Bush filed a Complaint to Determine Discriminatory Treatment as an adversary proceeding in connection with her personal Chapter 7 bankruptcy. She alleged that the defendants refused to deal with her as a buyer's representative when negotiating a property sale in a Terrace Tower Four Associates, Ltd. Partnership proceeding, in violation of 11 U.S.C. §§ 524(a) and 525(a). Specifically, Bush contended that a series of letters between herself and Appellees, and between Appellees and third parties concerning her, raised the question of her ability to represent buyers dealing with the Federal Deposit Insurance Corporation (FDIC) and the Resolution Trust Corporation (RTC) in light of her alleged existing indebtedness to the FDIC.
 
 
 4
 The defendants each filed motions to dismiss the Complaint. Bernstein and RTC asserted that Bush had failed to state a claim upon which relief could be granted. FDIC and the United States asserted that the only basis for jurisdiction against the government was through the Federal Tort Claims Act which requires that an initial administrative claim be filed, here with the FDIC, and which specifically excludes claims for interference with contract or for libel or slander. 28 U.S.C. § 2680(h).
 
 
 5
 In its Memorandum Opinion and Order, the district court[1] dismissed the adversary proceeding, finding that: Bush had failed to state a claim for relief, as she had been denied a discharge in her personal bankruptcy, Crystal Homes, Inc. v. Bush, No. 89-A-1255, aff'd, No. 91-M-204, and she failed to seek or obtain a stay of that order pending appeal; and any other tort claim would be foreclosed by the Federal Tort Claims Act (FTCA).[2] The district court also denied Bush's motion for default judgment.
 
 
 6
 On appeal, Bush contends that Appellees failed to follow bankruptcy procedure for the timely filing of an answer to her Complaint and that she has not been afforded any hearings in this case. Bush requests that this court (1) order a default against the United States, FDIC, and RTC for failure to file an answer to her complaint; (2) void the foreclosure sales of two Terrace Tower parcels; (3) order the Appellees to cease and desist in any further defamation of Bush; and (4) order a new trial on the issue of damages.
 
 
 7
 The provisions of 11 U.S.C. § 524 become effective after a discharge in bankruptcy. See Houghton v. Foremost Financial Serv. Corp., 724 F.2d 112, 116 (10th Cir.1984) (section 524 designed "to end harassment of discharged debtors"). Section 524(a) clearly enjoins creditors from holding a debtor personally liable on discharged claims. 11 U.S.C. § 524(a) provides, in part, that "[a] discharge in a case under this title-- ... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...."
 
 
 8
 11 U.S.C. § 525(a) provides in part that "a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title...." Section 525 is designed to strengthen the protection section 524 affords discharged debtors "from being impaired by discrimination related to the discharged debts." 3 Collier on Bankruptcy, p 525.01 at 525-3 (15th ed. 1993). Thus, it is inapplicable to debts which are not dischargeable. Id., p 525.02 at 525-4; Johnson v. Edinboro State College, 728 F.2d 163, 165 (3d Cir.1984) (debtor could not seek relief under section 525 where loan was not dischargeable); In re Walker, 74 B.R. 311, 313 (Bankr.W.D.Va.1987) ("It is clear that § 525 prohibits denial of the Debtor's rights for non-payment of a discharged debt. A non-discharged debt as here is not covered in this prohibition.").
 
 
 9
 Regarding Appellees FDIC and the United States, any allegations of tortious conduct by a government agency or its employee acting within the scope of employment are improperly before the court because an administrative claim has not been filed and denied. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA.... A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite; ... [h]owever, the pleader should be given an opportunity to file an amended complaint to attempt to cure such pleading defects."). Furthermore, even if an administrative claim had been filed, the waiver of sovereign immunity embodied by the FTCA does not extend to claims of libel, slander, or interference with contract rights. 28 U.S.C. § 2680(h).
 
 
 10
 Bush's contention that the court should have entered default judgment against the United States and FDIC is without merit in that such can only be granted against the government or an agency thereof if the "claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e). Regarding RTC, a default, if any, was technical in nature and did not prejudice Bush. The district court is vested with broad discretion in deciding default judgment questions, Grandbouche v. Clancy, 825 F.2d 1463 (10th Cir.1987), and as the district court indicated, "[t]he motions for default judgment may not be granted when there is no merit to the complaint."
 
 
 11
 We have reviewed the record and are satisfied that the district court properly dismissed Bush's Complaint for failure to state a claim upon which legal relief could be granted and properly denied Bush's motion for default judgment. We affirm the district court's dismissal substantially for the reasons set forth in the court's Memorandum Opinion and Order of December 31, 1992, a copy of which is attached hereto and made a part hereof.
 
 
 12
 AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 13
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 91-M-2087
 Adversary No. 91-1700 PAC
 Bankruptcy Case No. 89-A-07069-A
 
 14
 PATRICIA HELEN BUSH, Plaintiff,
 
 
 15
 v.
 
 
 16
 FEDERAL DEPOSIT INSURANCE CORP., STUART L. SHAPIRO,
 
 
 17
 RESOLUTION TRUST CORPORATION, and JOHN H.
 
 
 18
 BERNSTEIN, Defendants.
 
 MEMORANDUM OPINION AND ORDER
 
 19
 This adversary proceeding was initiated by the debtor, Patricia Helen Bush, in her Chapter 7 bankruptcy proceeding by a "Complaint to Determine Discriminatory Treatment." In that pleading, Ms. Bush claims that the defendants violated 11 U.S.C. §§ 524(a) and 525(a) by refusing to deal with her as a buyer's representative in negotiations concerning property involved in the Chapter 11 bankruptcy proceeding for Terrace Tower Four Associates, Ltd. Partnership, Case No. 90-B-00274C because of a claimed debt to the FDIC as liquidator of National City Bank unless she assigned her real estate commission to satisfy that obligation.
 
 
 20
 The defendant John H. Bernstein filed a motion to dismiss the complaint for failure to state a claim against him and for sanctions under F.R.Civ.P. 11. The Resolution Trust Corporation filed a similar motion. The Federal Deposit Insurance Corporation and Stuart L. Shapiro filed a motion for withdrawal of the order of reference which this court granted. The debtor filed a motion for remand and also sought default judgments against these defendants.
 
 
 21
 On January 3, 1992, the United States filed a notice of substitution of it for defendant Stuart L. Shapiro on the basis that any claim against him must be pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679 with a certification that Mr. Shapiro was acting within the course of his employment, 28 U.S.C. § 2679(d)(1). The FDIC-Corporate and the United States then filed a motion to dismiss on January 3, 1992, arguing that the complaint should be characterized as a tort claim because the Federal Tort Claims Act can be the only basis for jurisdiction against the government and that no administrative claim was filed as a necessary condition precedent to a Federal Tort Claims Act complaint and the Act specifically excludes claims for interference with contract, or for slander or defamation. 28 U.S.C. § 2680(h).
 
 
 22
 The motion also contends that Ms. Bush may not proceed under the cited sections of the Bankruptcy Code because she was denied a discharge in an adversary proceeding objecting to her discharge brought by Crystal Homes. That denial of discharge has been affirmed on appeal by this court's memorandum opinion and order in Crystal Homes v. Patricia Helen Bush, Civil Action No. 91-M-204.
 
 
 23
 The debtor filed a pleading designated as "Claimant's Amended Objection to Motion to Dismiss" on March 9, 1992, attaching an investigative report filed in the Terrace Tower Four Associates, Ltd. Partnership bankruptcy, together with other papers, and asserting that the report shows the disregard of her rights by the government and an abuse of power.
 
 
 24
 While the pleadings in this adversary proceeding are somewhat confusing, the essence of Ms. Bush's claim for relief is that she was denied an opportunity to act as a buyer's representative in presenting a proposed sale of property in the Terrace Tower Four Associates, Ltd. Partnership proceeding because of her personal bankruptcy and a debt claimed by FDIC. Without regard to issues of jurisdiction over particular defendants, it is clear that the debtor has failed to state a claim for relief in view of the fact that her discharge was denied. Therefore, there is no claim under the cited sections of the Bankruptcy Code and any other claim would be foreclosed by the Federal Tort Claims Act. The motions for default judgment may not be granted when there is no merit to the complaint. Accordingly, it is
 
 
 25
 ORDERED that this adversary proceeding is dismissed for the failure to state a claim for relief. The defendants' motions for sanctions under F.R.Civ.P. 11 are denied.
 
 Dated: December 31, 1992
 
 26
 /s/Richard P. Matsch, Judge
 
 Case Number: 91-M-2087
 
 27
 I certify that I mailed a copy of the attached to the following:
 
 Dated: 12/31/92
 
 28
 /s/Jacob Gilmore, Deputy Clerk
 
 Glenna Drake, Secretary
 Kathleen Torres
 Assistant United States Attorney
 Patricia Bush
 
 29
 2175 Mountain Sage Dr.
 
 Highlands Ranch, CO 80126
 Greg Matson
 Kutak, Rock & Campbell
 707 17th St. # 2400
 Denver, CO 80202
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court granted a motion for withdrawal of the order of reference, and the case pending in bankruptcy court then proceeded in the United States District Court for the District of Colorado
 
 
 [2]
 The FTCA is the only vehicle by which an individual may sue an agency of the United States or one of its employees. The Act specifically prohibits such suit against any party except for the United States, and the filing and denial of an administrative claim is a jurisdictional prerequisite to maintaining such suit